MARC T. LITTLE (State Bar No. 174132)
LAW OFFICES OF MARC T. LITTLE, PLC
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071
Telephone: 888-353-5999
mlittlelaw94@gmail.com
Attorney for Plaintiff GoBox Promotions, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOBOX PROMOTIONS INC., a Nevada Corporation, <br><br> Plaintiff <br><br> v. <br><br> INNOVATIVE SPORTS MANAGEMENT, INC., New Jersey Corporation, PROTOCOL SPORTS MARKETING, LTD., an Ontario Corporation, DOUG JACOBS, an individual, Does 1-10 <br><br> Defendants | **19-cv-6689** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff GoBox Promotions Inc. ("Plaintiff") files this complaint against the above-named defendants based on copyright infringement and breach of contract and states as follows:

### JURISDICTION AND VENUE

1.      This court has jurisdiction under 28 U.S.C. §1331. Federal question jurisdiction arises pursuant to 17 U.S. §§ 101 *et seq.* because this action alleges violations of the U.S. Copyright Act.

2.      This court has jurisdiction under 28 U.S.C. §1332.  Diversity jurisdiction arises because there is diversity of citizenship and the amount in controversy exceeds $75,000.

3.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to this complaint happened in this district.

### PARTIES

4.      Plaintiff is a Nevada corporation located at 848 N. Rainbow Blvd., Suite #1072, Las Vegas, NV 89107-1103.

COMPLAINT FOR DAMAGES - 1

5.       Defendant Innovative Sports Management, Inc. d/b/a "Integrated Sports Media" is a New Jersey corporation with its principal place of business located at 26 Franklin St., Suite 1, Tenafly, New Jersey 07670.

6.       Defendant Protocol Sports Marketing Ltd. is a foreign limited liability company with its principal place of business located at 200 Tiffield Road, Suite 101, Toronto, ON M1V5J1.

7.       Defendant Doug Jacobs is an individual whose residency is unknown.

## STATEMENT OF FACTS

8.       Shane Mosley, often known as "Sugar" Shane Mosley, is an iconic American professional boxer. Known as a former three-weight world champion, who has been named "Fighter of the Year" by both the Boxing Writers Association of America and the International Boxing Hall of Fame, Mosley has earned the right to twice be named the "pound for pound best fighter in the world". As a result of his status in the boxing world, Mosley's fights are highly sought in the United States of America and around the world.

9.       In addition to boxing, Mosley owns and operates a boxing promotion company, GoBox Promotions, Inc. ("Plaintiff").

10.       Innovative Sports Management d/b/a "Integrated Sports Media" ("Defendant Integrated") is a sports media company engaged in the business of marketing, distributing, and producing special events to pay-per-view homes, closed-circuit television venues, and broadcasters throughout the world.

11.       Defendant Integrated is owned and operated by Defendant Jacobs ("Defendant Jacobs").

12.       Protocol Sports Marketing Ltd. ("Defendant Protocol") is a rights distribution and sports marketing agency for professional and championship boxing.

13.       In the summer of 2015, Plaintiff began promoting *Mosley v. Mayorga*, along with the accompanying undercard, a professional boxing match set to take place on August 29, 2015 at the Inglewood Forum (the "Copyrighted Event"). Attached hereto, as Exhibit 1, is a copy of advertisement for the Copyrighted Event. The Copyrighted Event was highly sought in the United States and around the world.

14.       On July 17, 2015, Plaintiff executed an agreement with Defendant Integrated to market and distribute the Copyrighted Event (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit 2. In the Agreement, both parties agreed to have all rights and obligations governed and construed in accordance with the laws of Nevada. Ex. 2. ¶ 15.

COMPLAINT FOR DAMAGES - 2

15.     Plaintiff is the owner of the copyright for the Copyrighted Event.  Plaintiff has the sole right to distribute the Copyrighted Event and the sole right to license the distribution of the Copyrighted Event.

16.     Plaintiff filed an application for copyright registration with the United States Copyright Office for the Copyrighted Event and is awaiting the issuance of a registration.  A copy of Plaintiff's application for copyright registration is attached hereto as Exhibit 3.

17.     Under Paragraph 1(a) of the Agreement, Defendant Integrated was required to obtain written approval from Plaintiff ***before*** it entered into any third-party agreements regarding live and tape delay exhibitions of the Copyrighted Event.  Ex. 2.  In direct violation of the Agreement, defendants entered into several third-party agreements regarding live and tape delay exhibitions of the Copyrighted Event between July 17, 2015 and August 29, 2015 without either notifying Plaintiff or obtaining written approval from Plaintiff.

18.     Through its agent, Defendant Protocol, Defendant Integrated entered into the following agreements with third-parties regarding live and tape delay exhibitions of the Copyrighted Event without Plaintiff's knowledge or written approval between July 17, 2015 and August 29, 2015:

A.     7/30/15 – License agreement executed between Nicaragua and Defendant Protocol for $15,000 USD.  A copy of the license is attached hereto as Exhibit 4.

B.     8/10/15 – License agreement executed between Cyprus and Defendant Protocol for $5,000 Euros.  A copy of the license is attached hereto as Exhibit 5.

C.     8/24/15 – License agreement executed between Uruguay and Defendant Protocol for $4,500 USD.  A copy of the license is attached hereto as Exhibit 6.

D.     8/28/15 – License agreement executed between China and Defendant Protocol for $9,000 USD.  A copy of the license is attached hereto as Exhibit 7.

E.     8/28/15 – License agreement executed between Italy and Defendant Protocol for $2,000 Euros.  A copy of the license is attached hereto as Exhibit 8.

F.     8/28/15 – License agreement executed between Qatar and Defendant Protocol for $6,000 USD.  A copy of the license is attached hereto as Exhibit 9.

G.     8/29/15 – License agreement executed between Turkey and Defendant Protocol for $1,000 USD.  A copy of the license is attached hereto as Exhibit 10.

COMPLAINT FOR DAMAGES - 3

19.     Plaintiff also has reason to believe that between July 17, 2015 and August 29, 2015, Defendant Integrated additionally entered into agreements with the following third-parties—either through Defendant Protocol, another third-party, or independently—regarding live and tape delay exhibitions of the Copyrighted Event without Plaintiff's knowledge or written approval:

A.      Africa - $6,500 USD.  Attached hereto, as Exhibit 11, is a copy of an email dated September 11, 2015, sent from Defendant Jacobs to Plaintiff showing a potential deal with Africa. Attached hereto, as Exhibit 12, is a copy of an email chain dated October 8, 2015, sent from Plaintiff to Defendant Jacobs showing a potential deal with Africa.

B.      Brazil – $10,500 USD.  Ex. 11, showing a potential deal with Brazil; Ex. 12, showing a potential deal with Brazil.

C.      Central America - $20,000 USD.  Ex. 11, showing a potential deal with Central America.  Attached hereto, as Exhibit 13, is a copy of an email chain dated October 8, 2015, sent from Defendant Jacobs to Plaintiff, showing a potential deal with Central America.

D.      Israel - $1300 USD.  Ex. 11, showing a potential deal with Israel.

E.      Middle East and North African Region - $6,500 USD.  Ex. 11, showing a potential deal with the Middle East and North African Region; Ex. 12, showing a potential deal with the Middle East and North African Region.

F.      Panama - $20,000 USD.  Ex. 11, showing a potential deal with Panama.  Attached hereto, as Exhibit 14, is a copy of an email chain dated October 8, 2015 sent from Defendant Jacobs to Plaintiff, showing a potential deal with Panama.

G.      Poland - $5000 USD.  Ex. 11, showing a potential deal with Poland; Ex. 12, showing a potential deal with Poland.

20.     On September 10, 2015, Defendant Jacobs sent an email to Plaintiff detailing the amount due to Defendant Integrated. Attached hereto, as Exhibit 15, is a copy of a memorandum dated September 10, 2015 sent via email from Defendant Jacobs to Plaintiff detailing the amount due to Defendant Integrated.  The amount Defendant Jacob's gave was not only incorrect, but it failed to include any sales in foreign territories.

21.     Pursuant to Paragraph 3(a)(3) of the Agreement, Defendant Integrated was required to provide Plaintiff with all sales reports.  Ex. 2.  Defendant Integrated provided Plaintiff with a closed-circuit television sales

COMPLAINT FOR DAMAGES - 4

report for the United States of America dated August 29, 2015.  Attached hereto, as <u>Exhibit 16</u>, is a copy of the closed-circuit television sales report for the United States of America dated August 29, 2015.  Defendant Integrated did not, at any time, provide Plaintiff with a sales report for foreign territories.

22.     Defendant Integrated was paid Fifty Thousand Dollars ($50,000 USD) pursuant to Paragraph 2(a) of the Agreement as a contracted commission for services provided.  <u>Ex. 2</u>; <u>Ex. 15</u>, showing the balance of $5,000 being paid to Defendant Integrated.

23.     Defendant Integrated was paid Thirty-Five Thousand Eight Hundred Eighty-Four Dollars ($35,884.00 USD) pursuant to Paragraph 2(b) of the Agreement, which detailed a Thirty Percent (30%) commission due to Defendant Integrated for all closed-circuit television carriage of the Copyrighted Event. <u>Ex. 2</u>; <u>Ex. 15</u>, showing the balance of $35,884.00 being paid to Defendant Integrated.

24.     Pursuant to Paragraph 2(c), Defendant Integrated was due a Twenty Percent (20%) commission for all international pay-per-view telecasts of the Copyrighted Event.  <u>Ex. 2</u>.  Although Defendant Integrated billed Plaintiff a 30% commission for the closed-circuit television carriage of the Copyrighted Event on September 10, 2015, Defendant Integrated failed to bill Plaintiff a 20% commission for the international pay-per-view telecasts of the Copyrighted Event.

25.     Because Defendant Integrated: (1) did not provide Plaintiff with a sales report for foreign territories; (2) did not inform Plaintiff of international sales; (3) did not receive written approval from Plaintiff for international license agreements; and (4) failed to bill Plaintiff a 20% commission for international sales, Plaintiff concluded, incorrectly, that there were no international sales of the Copyrighted Event.

26.     Almost two full weeks after the Copyrighted Event, Defendant Jacobs finally informed Plaintiff, for the first time, that there had been international sales.  Through email, Defendant Jacobs introduced the topic by detailing his version of accounting, which detailed incorrect addition, incorrectly quoted amounts as USD that were Euros, and, additionally, claimed tape delay deals were still pending.  <u>Ex. 11</u>.

27.     A sales report detailing the international sales was not attached to the email and, ultimately, the international sales report was never delivered to Plaintiff.

28.     On October 8, 2015, Plaintiff emailed Jacobs stating "there [are] over $84,000.00 in licensing fees that you have negotiated without our knowledge." <u>Ex. 12</u>.  Jacobs responded less than two minutes later stating, "all payments will be wired shortly to GoBox account." <u>Ex. 13</u>.

COMPLAINT FOR DAMAGES - 5

29.    No wire was ever received.

30.    On October 28, 2015, Plaintiff demanded Defendant Integrated provide sales reports, all applicable, non-redacted agreements, and promptly pay all monies due to Plaintiff in accordance with the Agreement. The demand is attached hereto as <u>Exhibit 17</u>. Defendant Integrated failed to comply with any demands.

31.    On November 17, 2015, notification was sent to Defendants detailing their non-compliance with the Agreement and their failure to cure their material breach of contract. The notification is attached hereto as <u>Exhibit 18</u>. Plaintiff also sent a letter to Defendant Protocol directing Defendant Protocol to pay Plaintiff directly.  The letter is attached hereto as <u>Exhibit 19</u>.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Copyright Infringement)

17 U.S.C. §§106 and 501

32.    Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 31, inclusive.

33.    Through their conduct averred herein, Defendants have infringed Plaintiff's exclusive copyright in the Copyrighted Event in violation of 17 U.S.C. §§106 and 501.

34.    Defendants acted in complete disregard of and with great indifference to Plaintiff's exclusive rights when they licensed and distributed Plaintiff's copyrighted work without Plaintiff's consent.  Defendants' acts were willful, intentional, and purposeful.

35.    The infringement of each of Plaintiff's rights in and to the Copyrighted Event constitutes a separate and distinct act of infringement.

36.    As a direct and proximate result of Defendants infringement, Plaintiff is entitled to damages in an amount of $105,300.00 USD and $7,000.00 Euros.

37.    Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), including an accounting of and a constructive trust with respect to such profits.

38.    Plaintiff is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

/ / /

COMPLAINT FOR DAMAGES - 6

**SECOND CAUSE OF ACTION**

**(Contributory Copyright Infringement)**

17 U.S.C. §§106 and 501

39.     Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 31, inclusive.

40.     Through their conduct averred herein, Defendants have knowingly and systematically induced, caused, and materially contributed to the unauthorized distribution of the Copyrighted Event.  Defendants' conduct, as averred herein, constitutes contributory infringement of Plaintiff's copyrights and Plaintiff's exclusive rights under the Copyright Act in violation of 17 U.S.C. §§106 and 501.

41.     The infringement of each of Plaintiff's rights in and to the Copyrighted Event constitutes a separate and distinct act of infringement.

42.     The foregoing acts of infringement by defendants have been willful, intentional, purposeful, and in complete disregard and indifference to the rights of Plaintiff.

43.     As a direct and proximate result of the contributory infringements by defendants of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. §504(b) for each separate infringement.

44.     Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c), in the amount of $150,000.00 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. §504(c). Based on Plaintiff's analysis, Plaintiff avers that such statutory damages shall exceed $2,100,000.00.

45.     Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. §505.

**THIRD CAUSE OF ACTION**

**(Breach of Contract)**

(as to Defendant Integrated)

46.     Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 31, inclusive.

47.     Through its conduct averred herein, Defendant Integrated breached its contract with Plaintiff and Defendant Integrated's breach caused Plaintiff's monetary injury.

COMPLAINT FOR DAMAGES - 7

48.     Defendant Integrated agreed not to enter into any third-party agreements regarding the Copyrighted Event without prior written approval from Plaintiff. Defendant Integrated's decision to enter into unapproved, third-party agreements constituted a material breach that was willful, intentional, purposeful, and unjustified.

49.     Plaintiff suffered a monetary injury of more than $105,300.00 USD and $7,000.00 Euros due to Defendant Integrated's willful, intentional, purposeful, and unjustified breach.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

(as to Defendant Integrated)

50.     Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 31, inclusive.

51.     Through its conduct averred herein, Defendant Integrated was unjustly enriched when it received several commissions and fees totaling more than $85,884.00 USD, despite materially breaching its contract with Plaintiff.

52.     Because Defendant Integrated accepted, used, and enjoyed the benefit of those commissions and fees while knowing he had materially breached the Agreement, it would be inequitable for Defendant Integrated to retain the benefit of those commissions and fees.

## FIFTH CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing)

(as to Defendant Integrated)

53.     Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 31, inclusive.

54.     Through its conduct averred herein, Defendant Integrated breached its covenant of good faith and fair dealing with Plaintiff.

55.     Every contract, including the Agreement, imposes on each party a duty of good faith and fair dealing in the performance of the contract.

56.     By purposefully entering into unapproved third-party agreements and accepting moneys for the distribution and license of the Copyrighted Event, Defendant Integrated has breached its duty of good faith and fair dealing.

COMPLAINT FOR DAMAGES - 8

**REQUEST FOR RELIEF**

Wherefore, Plaintiff prays for relief as follows:

1.     Compensatory damages for copyright infringement of $105,300.00 USD and $7,000.00 Euros.

2.     Compensatory damages for breach of contract of $105,300.00 USD and $7,000.00 Euros.

3.     Statutory damages of $2,100,000 USD.

4.     Restitution of $85,884.00 USD

5.     Punitive Damages

6.     Pre and post-judgment interest

7.     Attorney's fees and costs

8.     Such other relief as the court deems appropriate.

**DEMAND FOR JURT TRIAL**

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated this 7th day of September, 2016.


/s/ Marc T. Little
Marc T. Little, Esq.
LAW OFFICES OF MARC T. LITTLE
445 S. Figueroa Street, Ste. 3100
Los Angeles, CA 90071
888-353-5999: o
213-559-0544: f
mlittlelaw94@gmail.com
Attorney for Plaintiff GoBox, Inc.
CA Bar #: 174132

COMPLAINT FOR DAMAGES - 9